UNITED STATES BANKRUPTCY COURT

DISTRICT OF MINNESOTA

| | |
|---|---|
| In Re:<br><br>Adam R. Reichow<br>Mary Kay A. Reichow<br>Debtor(s)<br><br>Wayne A. Dalchow<br>Plaintiff<br><br>vs.<br><br>Adam Richard Reichow<br>Mary Kay Ann Reichow,<br>Defendant(s) | BKY: 13-35505<br><br>ADV: 14-03034<br><br>Chapter 7<br><br><br><br><br><br><br><br>CERTIFICATE OF SERVICE |

The undersigned declares that on the date indicated below, I served the following:

   Answer to Complaint

Upon the entity named below, by mailing them a copy thereof by enclosing same in an envelope with first class mail postage prepaid, and depositing same in the post office receptacle at Princeton, Minnesota addressed as stated.

United States Bankruptcy Court
200 Warren E Burger Federal Building and US Courthouse
316 N Robert Street
St. Paul, MN  55101

Gary W. Strootman
Strootman Law Office
5238 Humboldt Ave. N
Minneapolis, MN  55430

Wayne A. Dalchow
6938 70th Ave.
Princeton, MN 55371

And I declare under penalty of perjury, that the foregoing is true and correct.
Dated: April 21, 2014

*[signature]*

291 12TH ST NE
Milaca, MN 56353

# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF MINNESOTA

In re:

Reichow, Adam R. & Mary Kay A.                        Bky: 13-35505

Debtors.                                              Chapter 7 Bankruptcy

Wayne A. Dalchow,

Plaintiff,

v.

Adam R. Reichow and Mary Kay A. Reichow,

Defendants.

## ANSWER TO COMPLAINT TO DETERMINE DISCHARGEABILITY OF PARTICULAR DEBTS

Defendants Adam R. and Mary Kay A. Reichow ("Defendant") now answers the Complaint against them alleging Fraud, Misrepresentation, and Embezzlement, and denies any and all such allegations, and further admits or denies the specific allegations of the Complaint as follows:

### PARTIES

1. Defendants admit the information in paragraph. 1.

2. Defendants admit the information in paragraph 2.

### JURISDICTION AND VENUE

1. Defendant admits the allegations of the subject matter of the case in paragraph 1.

2. Defendants admit the allegations of personal jurisdiction of paragraph 2.

RECEIVED 14 APR 25 PM 12: 34 U.S. BANKRUPTCY COURT ST. PAUL, MN

## FACTS

3. Partially True, Adam Reichow did begin working for Wayne Dalchow in the spring of 2010. He was not a seasonal worker for Dalchow Seeds. It was full time employment. Defendant Adam R. Reichow was given an IRS Form 1099 misc., for years 2010 and 2011. The amounts did not reflect the actual amount that was paid to Adam Reichow for his work. Adam Reichow was not given access to the Plaintiff's business accounts. He did collect money from customers, checks were all made out to Dalchow Seeds or to Wayne Dalchow. Money collected from customers was never placed in Adam R. or Mary Kay A. Reichow's bank accounts.

4. Defendants admit the allegations in paragraph 4.

5. Defendants admit the allegations in paragraph 5.

6. Defendants deny the allegations of paragraph 6.

7. Partially true, on or about July 6, 2012 Adam Reichow did receive a loan from the Plaintiff to purchase additional farm land. Defendants deny the other allegations in paragraph 7.

8. Defendants admit the allegations in paragraph 8.

9. Defendants deny the allegations in paragraph 9.

10. Defendants deny the allegations in paragraph 10.

11. Answering paragraph 11 of the Complaint, Defendants lacks information sufficient to form a belief as to the facts alleged, and on that basis, Defendants Denies them.

12. Defendants deny the allegations in paragraph 12.

13. Answering paragraph 13 of the Complaint, Defendants lacks information sufficient to form a belief as to the facts alleged, and on that basis, Defendants Denies them.

14. Partially True, Plaintiff did authorize the purchase of the seed. The remainder of the statement in paragraph 14, defendants denies the allegations.

15. Partially True, Adam Reichow did receive checks from the Plaintiff's business account. The remainder of the statement in paragraph 15, defendants denies the allegations.

16. Defendants deny the allegations in paragraph 16.

17. Answering paragraph 17 of the Complaint, Defendants lacks information sufficient to form a belief as to the facts alleged, and on that basis, Defendants Denies them.

18. Defendants deny the allegations in paragraph 18.

19.   Defendants admit the allegations in paragraph 19.

20.   Partially True, It initially was scheduled for the beginning to the trial phase of the Lawsuit; Mr. Moore changed it to a default hearing without our approval. We were led to believe that a settlement could be worked out before the actual court date. After several attempts, we were able to come to an agreement. We were scheduled to sign paper work prior to the court hearing. When we called to confirm the appointment we were told that the case was given to Mr. Moore's partner who had no knowledge of the agreement, which would have settled the lawsuit. He was not willing to settle the case with the same terms that Mr. Moore stated and denied any knowledge of such agreement.

21.   Defendants admit the allegations in paragraph 21.

22.   Defendants admit the allegations in paragraph 22.

23.   Defendants admit the allegations in paragraph 23.

## COUNT 1 – 11 U.S.C. 523(a) (2)(A)

24.   Defendants restate the answers for each and every allegation, matter and thing set forth in all previous paragraphs as in the same were fully set forth herein.

25.   Defendants deny the allegations in paragraph 25.

26.   Defendants deny the allegations in paragraph 26.

27.   Defendants deny the allegations in paragraph 27.

28.   Defendants deny the allegations in paragraph 28.

29.   Defendants deny the allegations in paragraph 29.

30.   Defendants deny the allegations in paragraph 30.

## COUNT II – U.S.C. 523(a)(4)

31.   Defendants restate the answers for each and every allegation, matter and thing set forth in all previous paragraphs as in the same were fully set forth herein.

32. Defendants deny the allegations in paragraph 32.

33. Defendants deny the allegations in paragraph 33.

34. Defendants deny the allegations in paragraph 34.

35. Defendants deny the allegations in paragraph 35.

**WHEREFORE,** Defendants prays the Honorable Court for the following relief:

1. For dismissal of the Plaintiff's action with prejudice;
2. For an order that Plaintiff's shall take no relief from their complaint herein;
3. For an award of Defendant's costs and attorney's fees herein incurred; and
4. For such further and other relief and the Court deems fair and just.

## **VERIFICATION**

We, Adam R. Reichow and Mary Kay A. Reichow, the Defendants in the foregoing pleading, declare under penalty perjury that the foregoing is true and correct according to the best of our knowledge, information, and belief.

Executed on: April 21, 2014

Signed: _/s/ Adam R._____

Adam R. Reichow


Signed: _/s/ Mary Kay Reichow_____

Mary Kay A. Reichow

RECEIVED 14 APR 25 PM 12: 34 U.S. BANKRUPTCY COURT ST. PAUL, MN